# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 14-CV-5420 (JFB)

ADAM MORALES A/K/A KAREEM ABDUR RAHEEM,

Plaintiff,

VERSUS

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**MEMORANDUM AND ORDER**
May 26, 2016

JOSEPH F. BIANCO, District Judge:

Plaintiff, Adam Morales ("plaintiff"), proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("SSA"), challenging the final decision of the defendant, the Commissioner of Social Security ("defendant" or the "Commissioner"), that found plaintiff to be ineligible for supplemental security income benefits ("SSI") for failing to satisfy the applicable income and resources requirement. The Commissioner moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In connection with his opposition to defendant's motion, plaintiff moved for a pre-trial hearing or discovery to obtain documentary evidence to support his asserted compliance with the resources requirement. Plaintiff additionally claims that his waiver of a hearing before the Administrative Law Judge ("ALJ") was invalid.

There is substantial evidence to support the Commissioner's conclusion that plaintiff failed to satisfy the resources requirement to be eligible for SSI. Although plaintiff asserts that by the time he applied for SSI, he had spent down his excess income, he failed to provide the necessary documentary evidence to substantiate this claim. Additionally, although plaintiff has filed a motion seeking discovery of certain supporting documentation, even if plaintiff could obtain this material, the Court could not properly consider it, as it was all available to plaintiff at the time he filed his claim with the ALJ, and plaintiff has not provided good cause excusing his failure to present this information at that time. Nor has plaintiff shown that remand is warranted because he was prejudiced by his waiver of a hearing before the ALJ. Accordingly, the Commissioner's motion for judgment on the pleadings is granted. Plaintiff's motion for discovery or a pre-trial hearing is denied.

I. BACKGROUND

A. Factual Background

The following summary of the relevant facts is based upon the Administrative Record ("AR") developed by the ALJ. A more exhaustive recitation of the facts is contained in the parties' submissions to the Court and is not repeated herein.

On November 21, 2012, Plaintiff applied for SSI. (AR at 141-45.) In the section of the application requiring plaintiff to disclose his available resources, plaintiff reported that, as of November 1, 2012, he owned a savings account containing $30,000.39. (AR at 142.) Accordingly, the SSA denied plaintiff's request for supplemental income on November 28, 2012 because his reported resources of $30,000.39 exceeded the $2,000 cap for SSI eligibility. (AR at 135.)

On December 3, 2012, plaintiff submitted a request for reconsideration. (AR at 99-102.) Along with his request, he submitted copies of several bank account statements; one statement dated July 10, 2012 showed a "deposit[]/credit[]" of $30,000.39 (AR at 128), but a second statement for the period September 11 through October 11, 2012 showed his available balance at the beginning and end of the period as $2.76 (AR at 125). Plaintiff contends that he spent down the $30,000 prior to filing his application in November 2012, and provided some receipts evidencing certain expenditures from the period leading up to his application. (*See* AR at 99-134.)

The SSA denied his request for reconsideration, explaining: "a thorough review of the facts indicates that your allegations on how you spent the money you had in the bank account ($30,000) were not corroborated with proof or evidence of the spend-down. Your expenditure allegations were not substantiated or corroborated by evidence." (AR at 61.)

Thereafter, on December 31, 2012, plaintiff requested a hearing before an ALJ (AR at 64); the hearing was scheduled for October 15, 2013 (AR at 75, 81). Plaintiff's attorney[1] subsequently requested that the hearing be postponed in order to gather additional evidence regarding the spend-down of excess resources. (AR at 53.) The ALJ granted the request in a letter dated October 16, 2013 and advised:

> a more careful accounting is necessary of expenditures of alleged excess resources totaling $28,000.39 ($30,000.39-$2,000). Social Security's complaint has been that Mr. Morales has not given sufficient information on expenditures totaling $28,000. Ideally, your client should submit an accounting listing expenditures as follows: Date, Amount, Purpose, Description of Substantiating Document (If None, so state). Following this format, it may be possible to establish a date by which Mr. Morales spent down his alleged excess resource, apparently a bank account, and at the least present a clearer picture of expenditures for testimony at a hearing, should a hearing remain necessary. If substantiation is clear enough, it may even be possible to reach a favorable decision on the record without further delay.

(AR at 52.) The letter, on which plaintiff was copied, also added that "Mr. Morales

---

[1] The attorney was appointed as plaintiff's representative in May 2012. (AR at 55.) The attorney is not representing plaintiff in connection with the instant appeal.

appeared at our office yesterday and was advised of the need for a better accounting." (*Id.*)

Perhaps during this referenced visit to the ALJ's office, plaintiff discussed his application with the ALJ (plaintiff does not identify in his materials when this conversation took place). Plaintiff asserts that, during this conversation, the ALJ informed him that if he submitted an itemized list of expenses, a favorable decision could be reached and a hearing would not be necessary. (*See, e.g.*, Compl. at 8; Pl.'s Mot. at 2.) Plaintiff contends that, based on this representation, he assented when the ALJ's clerk asked him if he wanted to waive a hearing before the ALJ. (*See* Pl.'s Mot. at 2.)

On October 21, 2013, plaintiff submitted to the ALJ a list of thirty-nine expenditures, purportedly accounting for how plaintiff spent down the $30,000 in his account prior to his application for SSI.[2] (AR at 28-30.) For nine of these purchases, plaintiff provided a related receipt; however, for most of the purchases, plaintiff did not provide a receipt, and, in some cases, did not even provide the price of the item. (*See* AR at 28-51.) The expenses for which plaintiff

---

[2] Below, the Court has paraphrased plaintiff's list of his expenditures and provided the amount spent (as reported by plaintiff). The Court has also indicated whether plaintiff provided a receipt for the purchase (regardless of whether the receipt accurately reflects the alleged amount spent): (1) Economy Inn from May 25, 2012 to July 30, 2012, $1,873 (receipt provided); (2) Auto insurance from Auto Liability Santa Fe, $495 ($165 per month) (plaintiff provides a receipt from May 2012, which indicates that he made one payment of $165 and a balance of $800 remained); (3) Amtrak tickets for plaintiff and a companion, $593 (plaintiff actually provides receipts totaling $652.30); (4) Amtrak ticket for a companion, $130 (receipt provided); (5) A companion's stay in Chicago, $1,000 (no receipt); (6) Plaintiff and his companion's expenses while in Chicago (including restaurants and clothes), $1,300 (no receipts); (7) Boll Weevil Pawn Redemption, $1,674.46 (receipts provided); (8) Payment to Bank of America for a past debt, $1,148 (receipt provided); (9) U-Haul rental, $101.71 (receipt provided); (10) Other expenses related to use of U-Haul (e.g. gas, tolls, food, etc.), about $65 (no receipt); (11) Casino in Tunica, MS (no value or receipt provided); (12) "Casino extras" (e.g. gas, restaurants, purchases), about $1,200 (no receipt); (13) Dixon Rd U-Pull-It, $52.43 (receipt provided); (14) Milano Men's Exclusive Store ("exotic shoes" and other apparel), about $3,500 (no receipt); (15) World Hotel, $300 (the receipt provided shows $0 amount due provided; however, it includes a handwritten note stating $100/day); (16) Taxis in New York City, about $200 (no receipts); (17) Restaurants in New York City, about $250 (no receipts); (18) Wholesale items (plaintiff alleges that these items were subsequently stolen), $4,600 (no receipt); (19) Cricket wireless service, May to July, $150 (no receipts provided); (20) Boost mobile service, July to October, $200 (no receipts provided); (21) Mobile internet service, $200 ($50 per month) (no receipts provided); (22) Amtrak ticket for plaintiff, about $121 (no receipt provided); (23) Clothes (from stores other than Milano Men's Exclusive Store), about $1,000 (no receipts provided); (24) Car accessories (including specialized rims, tinted windows, boom box, remote lock, CD changer, alarm), $2,100 (no receipts provided); (25) Gas from May until August (no value or receipts provided); (26) Finalized car payment, $900 (no receipt provided); (27) Rent in New York between September and November, about $1,800 (no receipts provided); (28) Religious Ramadhan meals, about $100 (no receipts provided); (29) Regular weekly charity of $50 per week between May and October, about $800 (no receipts provided); (30) Restaurants in New York City between September and November, about $600 (no receipts provided); (31) Incredible Pizza Amusement Place, about $300 (no receipt provided); (32) Individual donations to religious persons (no amount or receipts provided); (33) Street mechanics, about $400 (no receipt provided); (34) Car wash and detailing between May and August, $320 (no receipts provided); (35) Female clothing in Little Rock, $350 (no receipt provided); (36) Entertainment (DVDs, CDs, BB King, etc.), $110 (no receipt provided); (37) Cleaners bills, about $200 (no receipts provided); (38) Assisting with gas for others to drive plaintiff, $125 (no receipts provided); (39) Trains and buses used between September and November, about $336 (no receipts separate from Amtrak receipts provided). (AR at 27-51.)

3

provided receipts total approximately $6,300.[3] (*See id.*)

In a hand-written letter dated January 17, 2014, plaintiff waived his right to appear at the hearing before the ALJ. (ECF No. 14-4.)

On January 27, 2014, the ALJ denied plaintiff's request for SSI, concluding that he had not provided sufficient proof of how he spent down the $30,000. (AR at 13.) The ALJ noted that, although plaintiff provided some documentation in support of his expenditures, "the *undocumented* purchases and expenses total[ed] over $18,700" which, the ALJ concluded, was "significantly less than the $28,000 [plaintiff] would need to document in order to find that he had resources at or under the $2,000 limit." (*Id.* (emphasis added).) The ALJ also noted that, for some purchases, plaintiff had not even indicated the amount spent, and that there were certain issues with the receipts he did provide.

B.     Procedural History

Plaintiff, proceeding *pro se*, filed his complaint on August 28, 2014. Plaintiff asserts that the ALJ made various mistakes of fact and that the waiver of his right to appear at a hearing before the ALJ was invalid. The Commissioner moved for judgment on the pleadings on January 26, 2015. On March 23, 2015, plaintiff filed his response in opposition to the Commissioner's motion. At the same time, plaintiff also filed a motion requesting discovery or a pre-trial hearing in order to obtain subpoenas for documents that he asserts would substantiate his spend-down. The Commissioner replied on April 6, 2015. The matter is fully briefed, and the Court has considered all of the parties' submissions.

II.     STANDARD OF REVIEW

A district court may set aside a determination by an ALJ "only where it is based upon legal error or is not supported by substantial evidence." *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998) (citing *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)). The Supreme Court has defined "substantial evidence" in Social Security cases to mean "more than a mere scintilla" and that which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted); *see Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). Furthermore, "it is up to the agency, and not th[e] court, to weigh the conflicting evidence in the record." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). If the court finds that there is substantial evidence to support the Commissioner's determination, the decision must be upheld, "even if [the court] might justifiably have reached a different result upon a *de novo* review." *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (internal

---

[3] This sum was calculated by tallying the following receipts: an invoice for $1,873.00 from Economy Inn (AR at 31); $495 for auto insurance (as noted, although plaintiff has only provided a receipt indicating that he made a payment of $165, he claims that he paid $495 in premium payments, so the Court will credit this assertion for the purposes of this calculation) (AR at 32); Amtrak receipts (all dated in June 2012) in the amounts of $143.00 (AR at 33), $121.55 (AR at 34), $103.70 (AR at 35), $161.50 (AR at 36), $121.55 (AR at 37), and $130.00 (AR at 51); pawn payments and pawn redemption payments totaling $1,674.46 (AR at 38-47); a $300 receipt from World Hotel, Inc. for a three-day stay (as noted, the receipt plaintiff provides shows a balance of $0; however, it also includes a handwritten note that says "$100 per day," so, for the purposes of this calculation, the Court will assume plaintiff paid $300) (AR at 48); a $101.71 receipt for renting U-Haul moving equipment (AR at 50); a cashier's check made payable to Bank of America for $1,148.09 (AR at 51); and a receipt for a radiator from Dixon Road U-Pull-It in the amount of $52.43 (AR at 132).

citation and quotation marks omitted); *see also Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998) ("Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner.").

III. DISCUSSION

A. Substantial Evidence of the "Spend-Down"

"The federal Supplemental Security Income program, 42 U.S.C. § 1381 *et seq.*, provides non-medical cash assistance to aged, blind or disabled persons. Under the statute, an aged, blind or disabled person is eligible for SSI if either their monthly income or overall available resources do not exceed certain maximum amounts set forth in the statute and regulations." *Frerks v. Shalala*, 848 F. Supp. 340, 343-44 (E.D.N.Y. 1994) (citing 42 U.S.C. § 1382 and 20 C.F.R. § 416 subparts D and K (income limits) and 20 C.F.R. § 416.1205 (resource limits)). The maximum dollar amount of resources for an individual is $2,000. *See* 42 U.S.C. § 1382(a)(1)(A), (B) & (a)(3)(B). The regulations define resources as "cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a).

"A claimant is required to provide evidence to prove that he or she meets the financial requirements." *Rashed v. Astrue*, No. 07-CV-2726 (NGG), 2010 WL 3036795, at *3 (E.D.N.Y. July 30, 2010) (citing 20 C.F.R. § 416.200). "Even if a claimant's resources exceed the $[2],000 limitation at the time of filing, the SSA may nonetheless find the claimant to be eligible if 'he or she establishes by credible evidence that those resources have been "spent down," that is, that any excess above the resource limit has been eliminated' by the time of the SSA's final determination." *Id.* (quoting *Nicolae v. Barnhart*, No. 04-CV-2068 (FB), 2005 WL 715929, at *1 (E.D.N.Y. Mar. 28, 2005), *aff'd sub nom. Nicolae v. Comm'r of Soc. Sec.*, 155 F. App'x 558 (2d Cir. 2005)). "In calculating whether a claimant has spent down excess resources, the ALJ is 'free to disregard self-serving statements that cannot be verified.'" (*Id.* (quoting *Nicolae*, 2005 WL 715929, at *3)).

Thus, at issue here is the disposition of the money in plaintiff's account prior to his application for SSI and whether the money was actually spent or simply converted to other assets that should be included in the calculation of plaintiff's total available resources. Although plaintiff provides a list of the items on which he allegedly spent down the $30,000 in his account, the ALJ correctly noted that these expenditures are not supported by adequate (or, in some cases, any) substantiating documentation. In fact, plaintiff has only provided receipts for purchases totaling less than $7,000 (*see supra* at note 3),[4] meaning that plaintiff has failed to properly account for nearly $22,000. Although some of these purchases may not be easy to document (for instance, his claimed $900 in religious contributions), other expenses plainly should have receipts that plaintiff could have provided in support of his claim, for example, plaintiff's $350 in cell

---

[4] The Commissioner also fairly notes that there are significant infirmities with some of this evidence. For instance, plaintiff maintains he spent $465 on auto insurance (AR at 28), but only provides a receipt showing payment of $165 (AR at 32). Similarly, plaintiff contends that he paid World Hotel $300 (AR at 28), but the receipt he provides shows a charge of $0 (AR at 48). The ALJ also noted that "[m]any of the receipts . . . are for the period of time prior to June 2012 and therefore occurred prior to the time claimant had $30,000.39 in his bank account." (AR at 13.)

phone bills, $200 in taxis, $850 in restaurants, or $3,500 in men's clothing and exotic accessories.

Without this supporting documentation, plaintiff has not satisfied his burden to show that his resources did not exceed $2,000. *See, e.g.*, *Schenck v. Comm'r of Soc. Sec.*, No. 14 CIV. 1445 KPF, 2015 WL 4393077, at *8 (S.D.N.Y. July 16, 2015) (ALJ was justified in concluding that claimant had resources in excess of $2,000 where claimant was unable to provide documentary evidence to substantiate her claim that she spent down her excess resources paying medical bills); *Rashed*, 2010 WL 3036795, at *4 (denying SSI where plaintiff failed to provide reliable documentary evidence to support spend-down); *see also Ball v. Colvin*, No. CV-2012-01574-PHX-BS, 2013 WL 5886604, at *5 (D. Ariz. Oct. 31, 2013) (substantial evidence supported ALJ's conclusion that plaintiff's resources exceeded $2,000 where plaintiff failed to provide "objective evidence" to support his assertion to the contrary); *Alford v. Astrue*, No. 2:11CV00042 JLH-BD, 2012 WL 2450774, at *3 (E.D. Ark. June 27, 2012) (although plaintiff provided account records showing that his bank account had dropped from $19,000 to less than $2,000 at the time plaintiff applied, the ALJ did not err in denying SSI because claimant "fail[ed] to provide receipts or other documentation showing that the money was spent"). Accordingly, the ALJ was justified in concluding that plaintiff did not satisfy the resources requirement for SSI eligibility.

B. Request for Discovery or a Pre-Trial Hearing

As noted, plaintiff has moved for a pre-trial hearing or discovery, seeking to subpoena documents or affidavits that he contends will substantiate the sums spent on eight of the thirty-nine purchases comprising his spend-down.[5]

"A court may order the Commissioner to consider additional evidence 'only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Schaal v. Apfel*, 134 F.3d 496, 506 (2d Cir. 1998) (quoting 42 U.S.C. § 405(g)).

At the outset, the Court notes that plaintiff does not presently possess this "new evidence"; he has only provided descriptions of the type of information he believes he can obtain.[6] However, even assuming that plaintiff could secure the desired testimony or documents, all of the evidence he seeks existed *at the time he filed his appeal with the ALJ*, and plaintiff has failed to provide any good reason justifying his failure to obtain and present this information to the ALJ during the prior proceeding. *See Nicolae*, 2005 WL 715929, at *4 (refusing to remand for consideration of evidence that claimant had no good cause for failing to present to the ALJ during prior proceeding); *Ibrahim v. Astrue*, No. 09-CV-4496 JFB, 2011 WL 477810, at *7 (E.D.N.Y. Feb. 4, 2011) (same). In fact, both plaintiff and his attorney

---

[5] In his motion, plaintiff provides a brief description of the type of evidence he wishes to obtain to substantiate the following expenses: (1) his car, (2) his visit to the establishment, "Incredible Pizza," (3) his payment to Bank of America, (4) his transactions at the Boll Weevil Pawn Superstore, (5) his stay at World Hotel, (6) his purchases at Milano men's clothing store, (7) his acquisition of wholesale items, (8) his rental of an apartment in New York City (he also seeks "some statisticle (sic) gathering place that would give an estimate of cost to visit the most expensive city in America tied with Hawaii for first place"). (*See* Pl.'s Mot. at 1-2.) Plaintiff also indicates that he would secure a statement from the ALJ regarding the ALJ's comments concerning what materials plaintiff needed to provide to prove out his claim for SSI. (*Id.*)

[6] For instance, he seeks a subpoena of the sales clerk

were advised in writing before the ALJ rendered his decision that a more careful accounting of plaintiff's expenses was required and that plaintiff should submit substantiating documents to the ALJ.[7] (*See* AR at 52, 53.) If plaintiff believed that the materials identified in his pending motion were relevant to his case, he or his attorney could have asked the ALJ to subpoena it during the proceedings before the ALJ. (*See* 20 C.F.R. § 416.1450.) However, neither plaintiff nor his attorney made such a request. Additionally, plaintiff and his attorney were even granted an extension by the ALJ for the express purpose of collecting the evidence plaintiff now seeks. (*See* AR at 52-53.) Plaintiff was on notice that substantiating documentation was required and was granted an extension to secure such materials. Therefore, plaintiff has no good cause for failing to provide them to the ALJ. Accordingly, plaintiff's motion for discovery or a pre-trial hearing is denied. *See McMahan v. Comm'r of Soc. Sec.*, No. 13 CIV. 6546 JGK HBP, 2015 WL 1787215, at *6 (S.D.N.Y. Apr. 20, 2015) (explaining that plaintiffs should not be permitted to submit evidence that was available, but not presented, during the prior proceeding because doing so "would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received" (quoting *Wallace v. Tilley*, 41 F.3d 296, 302 (7th Cir. 1994) (internal quotation marks omitted)).

C.   Waiver of Hearing Before the ALJ

Finally, plaintiff insists that he only waived the hearing based on the ALJ's purported representations that a favorable decision could be reached on an expedited basis without a hearing. (Pl.'s Mot. at 2.) Section 405(b) of Title 42 of the United States Code entitles Social Security claimants to "reasonable notice and opportunity for a hearing" with respect to the Commissioner's decision. 42 U.S.C. § 405(b) (2000). However, a claimant may waive this right. *See* 20 C.F.R. § 416.1450(b); *see also Francisco v. Barnhart*, No. 01 CIV. 8657 (SAS), 2003 WL 548870, at *2 (S.D.N.Y. Feb. 25, 2003). Social Security Ruling ("SSR") 79-19 provides:

> An individual or the individual's authorized representative may waive the right to personal appearance at a hearing only by a writing signed by the individual or the authorized representative which shows: 1. a thorough explanation of the hearing procedure has been given; 2. the right to personal appearance at the hearing to testify and present evidence has been explained; 3. an explanation has been given of the right to representation at the hearing by an attorney or other person of the individual's choice; 4. it has been explained that, in some cases, additional evidence obtained

---

at the men's clothing store where he allegedly made purchases of $3,500. (Pl.'s Mot. at 1-2.) He also notes that "incredible pizza can attest that I was there after May 2012 which cost money to get in and particpa[t]e in its functions with the two children I brough[t]." (*Id.* at 1.)

[7] Plaintiff contends that the ALJ advised him that he need only provide a list of expenses, which he seems to imply led him to believe that only the list was required (and not substantiating evidence). (*See* AR at

16.) However, this asserted position conflicts with the two letters sent to plaintiff and his attorney, which instructed them to provide substantiating documents, and with the earlier decision, which concluded that plaintiff's submission of a list of expenditures was inadequate to prove the spend-down, absent substantiating documentation. Further, it does not appear that plaintiff or his attorney actually believed that only a list of expenses was required, as they submitted documentary evidence to support his claim.

thorough oral testimony and personal presence before the presiding officer may be of value in evaluating the issues; 5. the individual has been advised that, if he or she does not appear, the claim will be decided solely on the written evidence then in file plus any additional evidence submitted by the individual or the representative or obtained by the hearing officer. 6. the individual has been advised that he or she may withdraw the waiver of the right to appear at the hearing at any time prior to mailing of the notice of the decision.

SSR 79-19 (S.S.A. 1979). Importantly, however, the absence of a knowing and voluntary waiver requires remand only if plaintiff was prejudiced by his absence from the hearing. *See, e.g.*, *Francisco*, 2003 WL 548870, at *2 ("Invalid waivers warrant remand for a new hearing only if the plaintiff suffered prejudice."); *Leach ex rel. Murray v. Barnhart*, No. 02 CIV.3561 RWS, 2004 WL 99935, at *7 (S.D.N.Y. Jan. 22, 2004); *see also Biswas v. Comm'r of Soc. Sec.*, No. 05-3828, 2007 WL 580523, at *1 (3d Cir. Feb. 26, 2007) (noting that although plaintiff's waiver failed to comply with the SSR 79-19 requirements, remand was not required because plaintiff failed to show that he was prejudiced by the absence of a hearing).

Plaintiff submitted a single-page, written letter, stating: "I Adam Morales waives (sic) having to appear for the court decision!" (ECF No. 14-4.) This simple statement lacks many of the waiver requirements delineated in SSR 79-19. However, the Court need not decide whether their absence renders this waiver invalid because, even assuming it was not valid, the Court finds that plaintiff has not demonstrated that he was prejudiced because he did not have a hearing.

Plaintiff insists that he would not have waived his right to a hearing absent the representations by the ALJ, but he fails to address in what way he was prejudiced by his waiver of the hearing, and the mere absence of a hearing is not enough to establish prejudice. *See, e.g.*, *Exum v. Astrue*, No. 10-CV-920-JPS, 2011 WL 5921436, at *2 (E.D. Wis. Nov. 28, 2011) (rejecting plaintiff's circular argument that she was "prejudiced by her absence at the hearing because she was absent from the hearing" and therefore concluding that non-adherence to SRR 79-19 was harmless error); *Lewis v. Astrue*, No. 06-121-B-W, 2007 WL 2021912, at *6 & n.8 (D. Me. July 11, 2007), *report and recommendation adopted*, No. CIV 06-121-B-W, 2007 WL 2344959 (D. Me. Aug. 15, 2007) (where plaintiff "neither suggests that she was prejudiced by loss of opportunity to testify on her own behalf nor proffers testimony she might have presented," court would not remand on the basis of plaintiff's conclusory argument that "the loss of the opportunity for hearing and presentation of [plaintiff's] evidence cannot be harmless error"). Nor does the record support the conclusion that plaintiff was prejudiced. The ALJ's decision to deny plaintiff SSI turned on the fact that plaintiff failed to provide documentation for over $21,000 of the spend-down expenditures. (AR at 13.) There is nothing in the record to suggest that, if a hearing had been conducted, plaintiff could have rectified this deficiency.

8

IV.  CONCLUSION

For the reasons set forth above, the Commissioner's motion for judgment on the pleadings is granted. Plaintiff's motion for discovery or a pre-trial hearing is denied.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: May 26, 2016
Central Islip, NY

\*\*\*

Plaintiff proceeds *pro se*. The Commissioner is represented by Candace Scott Appleton, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East Brooklyn, NY 11201.